ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
APR 28 1997
NANCY DOHERTY, CLERK
By _____ Deputy

| | |
|---|---|
| ANTHONY LEROY LATTIMER, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 7:97-CV-0092-X |
| ) | |
| STATE OF TEXAS, ) | |
| Defendant. ) | |

ENTERED ON DOCKET
4/29 PURSUANT
TO F.R.C.P. RULES
58 AND 79A

## MEMORANDUM OPINION AND ORDER

ON THIS DATE, came on to be considered Plaintiff's complaint, filed on April 9, 1997, and the Court finds and orders as follows:

Plaintiff is an inmate confined in the Allred Unit of the Texas Department of Criminal Justice at Iowa Park, Texas. He claims that Judge James B. Zimmerman, District Attorney Dennis Jones, Attorney Barry Sorrels and their agents conspired to falsify state legal documents, denied him the right to a speedy trial, violated the Double Jeopardy Clause, and violated his rights to due process and equal protection. Plaintiff claims that, as a result of the acts of these individuals, he was unlawfully indicted and convicted on the state criminal charge of burglary of a habitation. He seeks reversal of his conviction and release from custody. Lattimer also claims that the halfway house in which he was confined unlawfully received food stamps by forcing parolees to sign for them.

Lattimer has filed nine prior civil actions in the Northern District of Texas in the last three years. Two of those cases were consolidated into previously filed actions, two

habeas petitions were dismissed for failure to exhaust state remedies, one habeas petition was dismissed as duplicative, summary judgment was granted against Lattimer in one civil rights action, another civil rights action was dismissed for want of prosecution, and one civil rights action was dismissed as frivolous.[1] A comparison of Lattimer's prior complaints to the instant complaint reveals that he raises claims virtually identical to those set forth in his previously filed cases, *Lattimer v. Chapman, et al.*, 3:96-CV-1807-G (pending) and *Lattimer v. Chapman, et al.*, 7:96-CV-0288-X (dismissed as frivolous). Although Lattimer has named the State of Texas as defendant in the instant case, he complains of acts by individuals named as defendants in his prior cases.[2]

---

[1] *Lattimer v. Collins*, 3:94-CV-1485-P (dismissing habeas petition for failure to exhaust state court remedies, judgment entered December 31, 1996); *Lattimer v. Chapman*, 3:94-CV-1818-T (dismissing habeas petition for failure to exhaust state court remedies, judgment entered September 29, 1995); *Lattimer v. Collins*, 3:94-CV-1824-D (dismissing habeas claims as duplicative of the claims raised in Cause No. 3:94-CV-1818-T and dismissing civil rights claims without prejudice to refiling in the appropriate federal district court, judgment entered September 5, 1995); *Lattimer v. Scott*, 7:95-CV-0077-P (transferring habeas petition to Dallas Division (No. 3:96-CV-0830-P) and consolidating into Cause No. 3:94-CV-1485-P, order entered March 19, 1996); *Lattimer v. Woods*, 7:96-CV-0091-X (granting defendants' motion for summary judgment, order entered February 13, 1997); *Lattimer v. Woods*, 7:96-CV-0095-X (consolidating claims into Cause No. 7:96-CV-0091-X, order entered June 21, 1996); *Lattimer v. Chapman*, 3:96-CV-0764-D (dismissing civil rights complaint for want of prosecution, judgment entered January 27, 1997); *Lattimer v. Chapman*, 3:96-CV-1807-G (pending); *Lattimer v. Chapman*, 7:96-CV-0288-X (dismissing civil rights complaint as frivolous, judgment entered February 24, 1997).

[2] In the absence of consent, the Eleventh Amendment bars federal lawsuits by a U.S. citizen against a state or against a state agency or department. *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 908 (1984); *Neuwirth v. Louisiana State Bd. of Dentistry*, 845 F.2d 553, 555 (5th Cir. 1988); *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 186 (5th Cir. 1986). Sovereign immunity under the Eleventh Amendment is applicable unless the State has expressly waived such protection. *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 238, 105 S.Ct. 3142, 3145 (1985). A federal court will find waiver of Eleventh Amendment immunity only where waiver is stated "by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction." *Edelman v. Jordan*, 415 U.S. 651, 675, 94 S.Ct. 1347, 1361 (1974) (quoting *Murray v. Wilson Distilling Co.*, 213 U.S. 151, 171, 29 S.Ct. 458, 464 (1909). Plaintiff has failed to demonstrate that the state of Texas has waived Eleventh Amendment immunity and § 1983 does not override the Eleventh Amendment. *Voisin's Oyster House*, 799 F.2d at 186. Thus, the State of Texas is not amenable to suit under § 1983.

A complaint filed *in forma pauperis* may be dismissed as frivolous when it seeks to relitigate claims premised upon substantially the same facts arising from a common series of events upon which the plaintiff has relied in a previous lawsuit, including an action that remains pending. *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993); *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir.), *cert. denied*, 493 U.S. 969, 110 S.Ct. 417 (1989). Although Lattimer presents one new claim in the instant case - that the halfway house unlawfully obtained food stamps - he has not presented any colorable civil rights violation with regard to the alleged food stamp scam and he has no standing to bring criminal charges against the halfway house in federal court.

In the Court's order entered on February 24, 1997 dismissing Lattimer's complaint in Cause No. 7:96-CV-288-X, Lattimer was admonished as follows:

> Lattimer's repeated filing of duplicative claims and his repeated failure to comply with this Court's deficiency orders represents the utmost in frivolous abuse of his constitutional right of access the courts. *See Holloway v. Hornsby*, 23 F.3d 944, 946 (5th Cir. 1994) (admonishing incessant *pro se* litigator that his continued persistence in filing duplicative complaints would result in sanctions). Such frivolity impairs the justice system by wasting scarce judicial resources. *Id.* Those truly harmed by such recreation on the part of *in forma pauperis* litigants are citizens who seek and are entitled to relief from our courts. *Id.*

> ACCORDINGLY, Anthony Leroy Lattimer is hereby admonished that if any future action filed by him in this Court is determined to be frivolous, malicious or duplicative, or if such action fails to state a claim upon which relief can be granted, or if he fails to comply with a Court order in any future or currently pending case, a full range of sanctions will be considered including, but not limited to, a requirement that the District Clerk reject any filing from him unless he first obtains specific permission from a District Judge to make such a filing.

3

Despite this admonishment, Lattimer has persisted in filing yet another frivolous lawsuit.

IT IS THEREFORE ORDERED that Plaintiff's complaint is hereby dismissed as frivolous pursuant to 28 U.S.C. § 1915A(b)(1) without prejudice to his currently pending case *Lattimer v. Chapman*, 3:96-CV-1807-G.

IT IS FURTHER ORDERED that Anthony Leroy Lattimer is hereby barred from filing a civil action in the Northern District of Texas unless he first obtains permission from a District Judge.

The Clerk of Court is directed to reject any new lawsuit submitted for filing by Lattimer absent such permission.

A copy of this order shall be transmitted to Plaintiff.

SO ORDERED this 28th day of April, 1997.

*Joe Kendall*
Joe Kendall
U.S. District Judge

4